**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR-23-01240-001-PHX-DWL |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| Yanet Cariaga Sixto, | |
| Defendant. | |

Pending before the Court is a motion by Defendant Yanet Cariago Sixto ("Defendant") to "enjoin ICE from continuing [Defendant's] detention or dismiss this case." (Doc. 23.) The government opposes the motion (Doc. 27) and Defendant did not file a reply. For the following reasons, the motion is denied.

### BACKGROUND

On July 6, 2023, Defendant was arrested and charged with a violation of 8 U.S.C. § 1326. (Doc. 1.) According to the operative complaint, Defendant "applied for admission into the United States via the vehicle lanes" at the San Luis Port of Entry "and presented a Californ[i]a identification card bearing her name and photograph." (Doc. 6 at 4.) The complaint alleges that although Defendant initially identified herself as a United States citizen, she eventually acknowledged that she was born in Cuba, that after entering the United States she had not shown up for her scheduled hearings in immigration court, and that a final order of removal had been entered against her. (*Id*.) The complaint further alleges that such an order of removal was, in fact, entered against Defendant in May 2013.

(*Id.* at 3.) The complaint also alleges that Defendant has a fairly extensive criminal history, including a 1994 drug conviction, a 1994 theft conviction, a 1996 drug conviction, a 2000 domestic violence conviction, a 2004 child abuse conviction, and a 2004 domestic violence conviction that resulted in a sentence of 60 months' imprisonment. (*Id.*)

On July 18, 2023, a detention hearing took place. (Doc. 12.) Over the government's objection, Defendant was ordered released on her own recognizance with conditions. (Doc. 13.)

On August 29, 2023, Defendant was indicted on the § 1326 charge. (Doc. 15.)

On September 13, 2023, Defendant's arraignment was scheduled to take place. (Doc. 22.) The minute entry from the hearing reflects that Defendant's counsel attempted to make an oral motion to dismiss the indictment and the magistrate judge denied the motion with instructions "to file a Motion before [the] District Judge." (*Id.*)

On September 19, 2023, Defendant filed the pending motion. (Doc. 23.)[1]

On October 11, 2023, after receiving an extension, the government filed an opposition. (Doc. 27.)

**DISCUSSION**

I.    The Parties' Arguments

Defendant contends that although "the Magistrate Judge here ordered the United States Marshals to release [her] . . . [t]he Marshal[]s did not do so but instead handed her over to ICE." (Doc. 23 at 2.) Defendant contends that this development illustrates the existence of a "conflict between the Bail Reform Act (BRA) and the Immigration and Nationality Act (INA) detention statutes in the context of a 8 U.S.C. § 1326 prosecution." (*Id.* at 1.) According to Defendant, "ICE['s] policy to continue to detain defendants release[d] under the BRA while they still face charges under 8 U.S.C. § 1326 renders Ninth Circuit law and the BRA a farce." (*Id.* at 2.) Defendant further contends that "[a]llowing the executive branch to detain a person after the BRA decision for release thwarts this

---

[1] Defendant's request for oral argument (Doc. 23) is denied because the issues are fully briefed and argument would not aid the decisional process. *See* LRCiv 7.2(f); LRCrim 12.1(a), 47.1.

process giving the government a way of circumventing an individual's constitutional protection" and that "[d]etaining a defendant in ICE custody creates a burden on the ability of counsel to communicate with a defendant and prepare the case, implicating the United States Constitution's Sixth Amendment." (*Id.* at 3.) Defendant also argues that her "case presents a unique circumstance in that she is a Cuban national meaning the government may not be able to deport her" and thus "she currently exists in immigration detention limbo." (*Id.* at 2.) For these reasons, Defendant asks the Court to "enjoin ICE from continuing [her] detention or dismiss this case." (*Id.* at 3.) Defendant acknowledges that the Second, Third, Fifth, Sixth, Eighth, Tenth, and D.C. Circuits have all rejected variants of the argument she presents here but contends that a different result is required under Ninth Circuit law. (*Id.*)

The government argues that Defendant's motion should be denied. (Doc. 27.) As an initial matter, the government confirms that Defendant "has remained in immigration custody during the pendency of both her criminal and immigration cases," notes that "[s]he is currently housed at the Eloy Federal Central Detention in Eloy, Arizona run by Core Civic," and contends that "[d]efense counsel is able to meet with his client and immigration has and will transport her for all criminal appearances while she is detained with ICE." (*Id.* at 2.)[2] On the merits, the government argues that "detention under the BRA and detention under the INA are pursuant to different laws with different purposes. While the issue of whether the BRA and INA can co-exist hasn't been addressed in the Ninth Circuit, other appellate circuits have directly ruled on this issue finding no conflict in their co-existence. Defendant's request for a dismissal on the premise that a defendant released from custody under the BRA cannot be detained by anyone else is incorrect. Release under the BRA only requires release for that criminal matter [and] defendants often have other pending cases or warrants from other jurisdictions or, as in this case, an immigration detainer." (*Id.*

---

[2] In response to Defendant's contention that "only recently has a bail hearing witness advised counsel of her location" (Doc. 23 at 2), the government states that "[t]he location of a person in immigration custody can determined using the following website: https://locator.ice.gov/odls/#/index. This is a publicly accessible website." (Doc. 27 at 2 n.1.)

at 3.) The government concludes: "Pre-trial release does not preclude pre-removal detention and the BRA doesn't trump the INA. Therefore, Dismissal of the Indictment is not warranted. Further, neither this Court nor the U.S. Attorney's Office has the authority to order Defendant released from ICE custody." (*Id.* at 5.)

II. <u>Analysis</u>

The Court agrees with the government and joins the unbroken line of courts, from both within and outside the Ninth Circuit, that have concluded that a criminal defendant who has been charged with a violation of 8 U.S.C. § 1326 but ordered released from custody for criminal purposes under the Bail Reform Act ("BRA") may still be detained for immigration purposes under the Immigration and Nationality Act ("INA"). *See, e.g., United States v. Baltazar-Sebastian*, 990 F.3d 939, 945 (5th Cir. 2021) (noting that "six other circuits . . . [hold that] pretrial release under the BRA does not preclude pre-removal detention under the INA" and that "we agree with the well-reasoned holdings of our fellow circuits"); *United States v. Sedeno-Badia*, 2022 WL 837499, *4 (D. Ariz. 2022) ("In the absence of any direct Ninth Circuit precedent, this Court will follow the holding and reasoning of many other Circuit Courts. Here, defendant is subject to a lawful immigration detainer and is being detained by immigration authorities in connection with removal proceedings. The BRA does not give this Court authority to prevent ICE from performing its independent statutory obligations while the defendant's present criminal case is pending. Because there is no evidence that the purpose of the defendant's detention by immigration authorities is to circumvent the release order in the criminal case, dismissal of the indictment is not warranted based on a violation of the BRA."). As the D.C. Circuit has cogently explained: "Individuals are detained under the BRA under authority separate from that used to detain individuals under the INA. A criminal defendant is detained under the BRA to ensure his presence at his criminal trial and the safety of the community. An illegal alien is detained under the INA to facilitate his removal from the country. ICE's authority to facilitate an illegal alien's removal from the country does not disappear merely because the U.S. Marshal cannot detain him under the BRA pending his criminal trial."

*United States v. Vasquez-Benitez*, 919 F.3d 546, 553 (D.C. Cir. 2019) (citations omitted). "Fundamentally, the BRA and INA . . . govern independent criminal and civil proceedings." *Baltazar-Sebastian*, 990 F.3d at 945.

Ninth Circuit law does not compel a different conclusion. In *United States v. Santos-Flores*, 794 F.3d 1088 (9th Cir. 2015), the Ninth Circuit held that a district court may not order pretrial detention under the BRA "based on the likelihood that, if released pending trial, [the defendant] would be placed in immigration detention and removed from the United States, precluding his appearance for trial." *Id.* at 1089. But that is not the situation here—Defendant is not challenging the BRA bail decision in this case and instead seeks to challenge the INA detention decision in her immigration case. Additionally, the Ninth Circuit clarified in *Santos-Flores* that "[i]f the government, by placing Santos-Flores in immigration detention or removing him, jeopardizes the district court's ability to try him, then the district court may craft an appropriate remedy." *Id.* at 1091-92. That passage is difficult to reconcile with Defendant's position here—which, again, is that continued immigration detention under the INA is categorically prohibited once a § 1326 defendant has been released from criminal custody pursuant to the BRA—because it seems to contemplate continued immigration detention in that very circumstance.[3]

Defendant's reliance on *United States v. Diaz-Hernandez*, 943 F.3d 1196 (9th Cir. 2019), is misplaced for similar reasons. There, the defendant in a criminal case argued he should not be considered a flight risk for purposes of pretrial release under the BRA

---

[3] To the extent *Santos-Flores* recognizes that district courts have discretion to "craft an appropriate remedy" when a detention order in an immigration case "jeopardizes the district court's ability to try" a criminal defendant, there is no need to exercise that discretion here because the detention order in Defendant's immigration case has not done anything to interfere with this Court's ability to try Defendant's criminal case. Although Defendant's motion vaguely alludes (without supporting evidence) to problems that defense counsel has encountered in attempting to locate and meet with Defendant since she was released from criminal custody, the government's response brief identifies Defendant's current location, explains how to use ICE's website to obtain up-to-date location information for an immigration detainee, and correctly notes that defense counsel has the ability to meet with Defendant while she is in immigration detention. Additionally, in a recent motion to continue the trial date, defense counsel did not mention any problems in locating or meeting with Defendant and instead sought a continuance solely "to allow for necessary trial preparation." (Doc. 28 at 1.)

- 5 -

because he was subject to an "immigration detainer, and detention by ICE should he be released on bail, [which] eliminates any such risk." *Id.* at 1198. Recognizing that this "argument is the mirror to the issue presented in *Santos-Flores*," the Ninth Circuit affirmed, emphasizing that "the 'individualized evaluation' required by the [BRA] does not include consideration of an immigration detainer or the possibility that the defendant, if released from criminal custody, would be held in immigration custody." *Id.* at 1198-99. Again, the Ninth Circuit's recognition of "the possibility that the defendant, if released from criminal custody, would be held in immigration custody" seems to foreclose Defendant's position here, which is that continued immigration custody following the issuance of a BRA release order is categorically impermissible.

The Court also finds it notable that *Diaz-Hernandez* approvingly cited the D.C. Circuit's opinion in *Vasquez-Benitez* for the proposition that "detention of a criminal defendant pending trial pursuant to the Bail Reform Act and detention of a removable alien pursuant to the Immigration and Nationality Act are separate functions that serve separate purposes and are performed by different authorities." *Id.* at 1199 (cleaned up). Defendant makes no effort to reconcile that passage with her contention that the Ninth Circuit would view *Vasquez-Benitez* as wrongly decided and thus choose to create a circuit split with it. (Doc. 23 at 3 ["This Court can correctly decide this issue by following the direction of Ninth Circuit law even though scores of other judges got it wrong."].).

Finally, to the extent Defendant's argument is that her continued immigration detention pursuant to the INA is improper because her Cuban citizenship makes it unlikely she will ever be deported, that is an argument properly directed to the immigration courts as part of her immigration case, not to this Court as part of her criminal case.

…
…
…
…
…

- 6 -

Accordingly,

**IT IS ORDERED** that Defendant's motion to dismiss the indictment or for an injunction against ICE (Doc. 23) is **denied**.

Dated this 2nd day of November, 2023.

Dominic W. Lanza
United States District Judge